## HACHMEISTER-LIND CHEMICAL CO v HARTFORD ACCIDENT & INDEMNITY CO

Ohio Appeals, 9th Dist, Summit Co
No 1824. Decided Feb 3, 1931

Harvey Spilka, Cleveland, and Meyer Wise, Akron, for Chemical Co.

Rockwell, Grant, Thomas & Buckingham, Akron, for Indemnity Co.

**PARDEE, J.**

The plaintiff in its brief says:

"It is admitted by the plaintiff in error that the board of education passed a formal resolution accepting the building on September 12th, 1927, and that it complied with the statutes in doing so. However, the plaintiff alleged in its petition that such acceptance was a matter of fraud practiced upon the part of the contractor and to the detriment of the plaintiff in error herein. That it could not have affected the plaintiff in error having completed its work over a month later."

It will be observed from that part of the petition quoted that the plaintiff expressly alleged that the building was accepted by the board of education on Sept. 12, 1927, and plaintiff states that the proper construction to give to said petition is that the building was accepted by a formal resolution of said board.

As was said by this court in another case—

"In arriving at a proper conclusion in this case, it must be remembered that the judgment which was rendered in the trial court was upon the pleadings, and the motion which was made for said purpose bears a close resemblance to and is in the nature of a general demurrer; in fact, it is in substance both a demurrer and a motion. This motion, like a demurrer, therefore, raises only questions of law, and is directed at the substance and does not attack the form of the pleading. On this motion made by the defendant, the pleadings will be liberally construed in favor of said plaintiff, and every reasonable intendment in favor of the sufficiency of the plaintiff's petition will be indulged, for a judgment rendered on the pleadings is a judgment on the merits, and when sustained in favor of the one who makes the motion, results in a final judgment in his behalf."

Giving to the pleadings, therefore, a construction most favorable to plaintiff, it is clear that the school house was accepted by the board of education on Sept. 12, 1927, in accordance with law, and that subsequent thereto, additional labor was furnished thereon, which was accepted by the board; but there is no allegation that said labor was furnished under the original contract, or that the board rescinded its former action in accepting said building and accepted it as required by law subsequent to the time said labor was furnished and accepted.

There is an allegation in said petition, in substance, that a fraud was perpetrated upon the board in procuring it to accept said building at the time it did—i. e., on Sept. 12, 1927—and that it worked to the injury of the plaintiff, but there is no allegation that the board was a party to said fraud, and no claim is made that the board did not act in good faith.

We hold that the acceptance of said labor did not change the fact that on a prior date the building had been accepted under the original contract as completed, and that, in the absence of an allegation of fraud, participated in by said board, this date fixed the time within which the plaintiff was required to file with the defendant company a statement of the amount due it from the contractor; and the plaintiff having alleged in its petition that it was more than ninety days after the acceptance of said building, as completed under said contract, before said statement was furnished, the trial court was right in holding that the plaintiff was barred from asserting its claim against the defendant and entering a judgment in favor of said defendant.

The judgment of the Common Pleas Court is therefore affirmed.

Funk, PJ, and Washburn, J, concur.